UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BOBBY EUGENE ARNETT                                                    PLAINTIFF

v.                                        CIVIL ACTION NO. 4:21-CV-P83-JHM

HOPKINS COUNTY ATTORNEY                                              DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Plaintiff Bobby Eugene Arnett filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss the action.

**I.**

Plaintiff is a pretrial detainee at the Hopkins County Jail.  He sues Hopkins County Attorney Kathryn Senter in both her official and individual capacities.

Plaintiff claims that Defendant violated his rights during his state-court criminal proceeding.  He alleges that she presented falsified documents, withheld evidence, and committed perjury before the trial court.  More specifically, Plaintiff claims that the criminal citation prepared by Officer Corey Springfield and presented to the trial court by Defendant both "withheld information" and contained false information.   Plaintiff further alleges that Officer Springfield committed perjury when he testified before the trial court.

As relief, Plaintiff seeks damages and injunctive relief in the form of a "U.S.C. 2254."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

The Court first addresses Plaintiff's official-capacity claim against Defendant. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant is an employee of the Commonwealth of Kentucky, Plaintiff's official-capacity claim against her is actually against the Commonwealth. *See Kentucky v. Graham*, 473 U.S. at 166.

2

State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities.  *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's official-capacity claim must be dismissed.

Plaintiff's individual-capacity claim against Defendant must also be dismissed.  Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004).  Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously.  *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).

Finally, as to Plaintiff's request for injunctive relief, he cannot obtain habeas corpus relief under 28 U.S.C. § 2241 or § 2254 in the instant § 1983 action.[1]

### IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

The **Clerk of Court** is **DIRECTED** to send Plaintiff both a 28 U.S.C. § 2241 and § 2254

---

[1] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

3

packet for his use should he decide to initiate a habeas corpus action.   Plaintiff must decide which packet, if either, meets his needs.

Date:   November 8, 2021

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4414.011

4